# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. CR408-204 |
| | ) | |
| TERRY LEHMAN | ) | |

## **ORDER**

Terry Lehman has been in and out of this Court for decades. *See United States v. Lehman*, No. CR486-007, doc. 62 (S.D. Ga. Aug. 26, 1986) (convicted of threatening a juror and mailing threatening communications, in violation of 18 U.S.C. § 1503 and § 876; ten-year sentence to run consecutively to then-pending state sentence); *United States v. Lehman*, No. CR486-068 (S.D. Ga. Feb. 26, 1987) (three additional, consecutive years for courtroom-assault of CR486-007 prosecutor, in violation of 18 U.S.C. § 111); *United States v. Lehman*, No. CR408-204 (S.D. Ga. Aug. 14, 2009) (indicted for Threatening A Federal Official in violation of 18 U.S.C. § 115, but it was pled down to a petty offense and thus a 30-day sentence with credit for time served in *United*

States v. Lehman, PO409-106).

Writing from a Bruceton, W.V. federal prison, Lehman has mailed a letter[1] to the undersigned requesting assistance because "[o]n December 15, [2009], the U.S. Parole Comm'n decided to revoke my supervised release and make me do the remainder of my prison sentence." Doc. 56. He says his attorney informs him that counsel cannot appeal "until he gets a 'Notice of Action' from the [Parole] Commission." Id. So, Lehman would like this Court to send him a copy of that Notice.

Given the date of Lehman's crimes and sentences (they are still running because they are consecutive to a state conviction that did not expire until July 14, 2001),[2] he falls under the now-obsolete federal

---

[1] Letters seeking judicial relief are not welcome. Motions, briefs, etc., get filed; letters get lost. The law places the burden upon litigants, not judges, to create their own record by filing record materials -- including legal arguments best presented in a motion or brief -- directly with the Clerk of Court. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by written motion."); see In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073 (S.D. Ga. 2000); see also Ga. Ct. App. R. 27(b) ("Parties are not permitted to file letter briefs nor letter cites").

[2] Georgia's Department of Corrections website shows that Lehman was "released" on June 22, 1999. See attach. 1. His federal time would then begin. So, while he was on state parole, he started serving his federal sentence on the date of his state release (hence, he began serving his 13-year federal sentence on June 22, 1999). His state prison term expired on July 14, 2001 (attach. 1 at 2) while he was in federal custody. He was released under federal parole on May 2, 2008. See attach. 2 (Federal Bureau of Prisons "Notice of Release and Arrival"). He was "parole-able" because he was an eligible candidate at the time of the original sentencing under the old (now abolished

"parole" system,[3] and is thus still in custody under this Court's sentence. Hence, the Court still has jurisdiction over him. *Cf. Walker v. Florida*, 345 F. App'x 458, 459 (11th Cir. 2008) (district court lacked jurisdiction to review habeas petition where petitioner's sentences had expired). The

---

parole system). However, that was recently revoked, *see* attach. 3 ("Notice of Action"), and thus Lehman must now serve 44 months. *Id.* The Federal Bureau of Prisons website shows that his release date will be May 23, 2012, and that adds up computationally (add 13 years to 1999 = 2012). *See* attach. 4.

[3] As noted by the Third Circuit:

> The Sentencing Reform Act created new sentencing procedures in the federal system, replacing "indeterminate sentences and the possibility of parole with determinate sentencing and no parole." [Lyons v. Mendez, 303 F.3d 285, 288-89 (3d Cir. 2002)] (quoting *Walden v. U.S. Parole Comm'n*, 114 F.3d 1136, 1138 (11th Cir. 1997)). It abolished the Parole Commission and repealed federal parole statutes, but § 235 [of the Sentencing Reform Act, 18 U.S.C. § 3551 et seq.] provided a savings provision to keep the Commission and parole statutes in effect for a period of transition to the new system. *Walden*, 114 F.3d at 1138. These transition sections apply to offenses committed before the Act's effective date . . . . *Lyons*, 303 F.3d at 288. As originally enacted in 1984, section 235(b)(3) provided that the Commission shall set a release date before the expiration of five years after the effective date of the Act. *See id.* at 288 n. 3. As explained by the District Court, since its original enactment, section 235(b)(3) has been continually amended to extend the five year savings provision for the Commission and parole statutes . . . *see also Walden*, 114 F.3d at 1138-39, and the Parole Commission and parole statutes are currently set to expire on October 31, 2011, *see* Pub. L. No. 110-312, § 2, 122 Stat. 3013 (August 12, 2008) (extending savings provision by 24 years after effective date of Sentencing Reform Act).

*Hackley v. Bledsoe*, 350 F. App'x 599, *601 (3rd Cir. 2009); *see also Shakur v. Wiley*, 156 F. App'x 137, 138 (11th Cir. 2005); *see also Hayward v. Marshall*, ___ F.3d ___, 2010 WL 1664977 at * 7 (9th Cir. Apr. 22, 2010) ("Parole, unlike good time, has been abolished in the federal system.").

3

Court **GRANTS** defendant's "letter-motion." Doc. 56. The "Notice" he seeks is attached to this Order, so he will receive a copy of it when the Clerk serves him with a copy of this Order.

Lehman also moves "to correct sentence." Doc. 55. He insists that "on August 7, 2008 [he] was put in jail and was sentenced August 13, 2009 but an inaccurate computation put his jail time credit at 8 months 10 days." *Id.* at 1. "After sentencing," he explains, he "was in jail [for] an additional 7 months 4 days, a total of 19 months 8 days in jail, then he [was] transferred to federal prison on March 16, 2010. Now [he] seeks the right amount of Jail Time Credit in case CR408-204." *Id.* His motion is **DENIED**, since

> "[a] claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (emphasis added); *cf. Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973) (holding "that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Granting credit for time served is initially an administrative function, so a federal prisoner must pursue an administrative remedy through the prison system before seeking judicial review. *See United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir.1989).

4

*United States v. Martin*, 2010 WL 184053 at * 1 (11th Cir. Jan. 21, 2010); *see also United States v. Luna-Mora*, 180 F. App'x 847, 849 (11th Cir. 2006) (absent showing that defendant exhausted his administrative remedies for review of credit received for time served, his challenge to district court's refusal to grant him credit for time served in a county jail for violating his term of supervised release imposed for his aggravated felony conviction was not ripe for judicial review); *Paye v. United States*, 2007 WL 2177114 at * 1 (S.D. Ga. Jul. 25, 2007).

**SO ORDERED** this 12th day of May, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5

Official Portal for the State of Georgia
Georgia Governor Sonny Perdue

# Georgia Department of Corrections

Site Map
Privacy
Links
Contact Us
Help
GA Offender Search
GA Sex Offender Registry Search
Employment
SEARCH
Home
About GDC▽
Community Information▽
Divisions▽
Offender Information▽
News Room▽
Reports▽

## Georgia Department of Corrections Offender Search

**Click here to start over | Return to previous screen**
**LEHMAN, TERRY M**
GDC ID: 0000407257



**PHYSICAL DESCRIPTION**
**YOB:**                  1958
**RACE:**              WHITE

1

| | |
|---|---|
| **GENDER:** | MALE |
| **HEIGHT:** | 5'11" |
| **WEIGHT:** | 140 |
| **EYE COLOR:** | BROWN |
| **HAIR COLOR:** | BROWN |

**SCARS, MARKS, TATTOOS**

**INCARCERATION DETAILS**
| | |
|---|---|
| **MAJOR OFFENSE:** | VOLUNTARY MANSLAUGHTER |
| **MOST RECENT INSTITUTION:** | GA STATE PRISON |
| **MAX POSSIBLE RELEASE DATE:** | 07/14/2001 Important Release Information |
| **TENTATIVE PAROLE MONTH:** | 05/1999 Important Parole Information |
| **ACTUAL RELEASE DATE:** | 06/22/1999 |
| **CURRENT STATUS:** | INACTIVE |

**KNOWN ALIASES**
| | |
|---|---|
| **A.K.A.** | LEHAM,TERRY MITCHELL |
| **A.K.A.** | LEHAN,TERRY MITCHELL |
| **A.K.A.** | LEHMAN,TERRY MITCHELL |

**STATE OF GEORGIA - CURRENT SENTENCES**

**CASE NO: 138846**
| | |
|---|---|
| **OFFENSE:** | POSS WPN,DRUGS BY PRISNR |
| **CONVICTION COUNTY:** | CHATHAM COUNTY |
| **CRIME COMMIT DATE:** | 02/13/1984 |
| **SENTENCE LENGTH:** | 5 YEARS, 0 MONTHS, 0 DAYS |

**CASE NO: 138846**
| | |
|---|---|
| **OFFENSE:** | AGGRAV ASSAULT |
| **CONVICTION COUNTY:** | CHATHAM COUNTY |
| **CRIME COMMIT DATE:** | 02/13/1984 |
| **SENTENCE LENGTH:** | 10 YEARS, 0 MONTHS, 0 DAYS |

**CASE NO: 138846**
| | |
|---|---|
| **OFFENSE:** | VOLUNTARY MANSLAUGHTER |
| **CONVICTION COUNTY:** | FULTON COUNTY |
| **CRIME COMMIT DATE:** | 03/27/1981 |
| **SENTENCE LENGTH:** | 20 YEARS, 0 MONTHS, 0 DAYS |

**STATE OF GEORGIA - PRIOR SENTENCES**

**STATE OF GEORGIA - INCARCERATION HISTORY**

| INCARCERATION BEGIN | INCARCERATION END |
|---|---|
| 10/02/1981 | 06/22/1999 |

Site Map
Privacy
Links
Contact Us
Help

BP-S756 NOTICE OF RELEASE AND ARRIVAL CDFRM

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| Inmate Name LEHMAN, Terry Mitchell | Reg No.: [illegible] <br> FBI No.: 516982[?] <br> DPT.NO.: CR486-03:02-01 <br> Misc.No: | Institution/Address <br> FMC Butner <br> P.O. Box 1600 <br> Butner, NC 27509 <br> (919) 575-3900 |
|---|---|---|
| Release Date 05-02-2008 @ 8:00 a.m. | | Release Method Mandatory Release |
| Public Law Days <br> 2 PL DAYS | Supervision to follow release: If yes, advise inmate of obligation to Report for supervision. <br> ___ YES ( ___ years ___ months) <br> _X_ NO | |

### RELEASED TO: (Check one)

| _XX_ Community <br> Transportation arranged to Savannah, Georgia <br> Method of transportation: <br> Inmate Driver and Greyhound Bus <br> [illegible] <br> Date of expected arrival at residence: <br> 05-02-2008 | ___ Detainer <br> Detaining Agency: <br><br> Agency Address: |
|---|---|

### SUPERVISION JURISDICTION(s)

| Sentencing District <br> Chief/Director: Richard Allan Long, <br> CUSPO <br> Supervision Agency: U.S. Probation Office <br> District: Southern District of Georgia <br> Address: 331 Tomochichi, U.S. Courthouse <br> 125 Bull Street <br> Savannah, Georgia 31402 <br><br> Phone: (912) 650-4150 | District of Residence (for relocation cases) <br> Chief/Director: <br> Supervision Agency: U.S. Probation Office <br> District: <br> Address: <br> Phone: |
|---|---|
| Address of <br> proposed residence: C/O The Union Mission, Grace House <br> 110 Fahm Street <br> Savannah, Georgia 31401 | |

### DNA STATUS

| DNA sample required: <br> _X_ YES ___ NO | If YES date sample taken <br> 03-26-2007 | DNA Number <br> FLM00524 |
|---|---|---|

**Obligation to Report for Supervision:** If you were sentenced to, or otherwise required to serve, a term of supervision, this term begins immediately upon your discharge from imprisonment, and you are directed to report for supervision within 72 hours. If you are released from a detaining authority, you shall report for supervision within 72 hours after your release by the detaining authority. If you can not report for supervision in the district of your approved residence within 72 hours, you must report to the nearest U.S. Probation Office for instruction. Failure to obey the reporting requirements described above will constitute a violation of release conditions.

Inmate's Signature (file copy only)
X *Terry Lehman*

Distribution: Inmate Central File (Section 5), Inmate, Chief Supervision Officer in Sentencing District, Chief Supervision Officer in District of Residence, and U.S. Parole Commission (if applicable)

(This form may be replicated via WP)    This form replaces BP-S714 dtd FEB 02

2

Notice of Action

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Name: LEHMAN, Terry

USM: Southern District of Georgia
Savannah, GA
Date: January 29, 2010

Register Number: 05879-021

## FEDERAL LOCAL REVOCATION

As a result of the hearing conducted on December 15, 2009, the following action was ordered:

Revoke mandatory parole. None of the time spent on mandatory parole shall be credited. Continue to expiration.

The Parole Commission has decided to continue you to the expiration of your sentence. If the two-thirds date of your sentence (30 years in the case of a sentence of 45 years or more) precedes the mandatory release date calculated by the Bureau of Prisons, the Commission will conduct a record review of your case approximately 9 months prior to the two-thirds date. If a parole is not ordered as a result of the record review, the Commission will conduct a hearing for you. The purpose of the review or hearing is to determine whether there is a reasonable probability that you will commit any Federal, State, or local crime, or whether you have frequently or seriously violated the rules of the institution. See 28 C.F.R. § 2.53(a). If parole is denied, you will be continued until the expiration of your sentence less good time.

The Bureau of Prisons is requested to forward a copy of the prisoner's progress report approximately 9 months prior to the scheduled two-thirds date.

In addition, you shall be subject to the Special Mental Health Aftercare Condition that requires that you participate in an in-patient or an out-patient mental health program as directed by your U.S. Probation Officer.

### FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Law Violation: Criminal Trespass.

Basis: Your conviction dated 8/13/2009.

Charge No. 2 - Association with Person Having Criminal Record/ Engaged in Criminal Activity

Basis: The testimony provided by USPO Plumley at the hearing.

Charge No. 3 - Law Violation: Threatening to Assault Federal Officers.

Basis: Basis: The testimony provided by USPO staff person Mary Wise at the hearing

Clerk: MDR

-1-
LEHMAN 05879-021
Queued: 01-29-2010 11:33:14 USM-Southern District of Georgia | BOP-Designation & Sentence Computation Ctr  USPO-Southern District of Georgia, 1 - Main (Savannah) | USM-Southern District of Georgia, 1 - Main (Savannah) |

3

**REASONS:**

Your mandatory parole violation behavior has been rated as criminal conduct of Category Four severity because it involved felony threats and administrative violations. Your salient factor score is 2. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of 12/6/2009, you have been in confinement as a result of your violation behavior for a total of 16 month(s). Guidelines established by the Commission indicate a customary range of 34-44 months to be served before release. After review of all relevant factors and information, a decision above the guidelines is warranted because you are a greater risk than shown by your salient factor score and reparole guideline range. Specifically, your current violations involve intimidating, threatening behavior and you have a criminal record going back over 30 years that involves threatening, assaultive behavior. Your prior convictions of Assault and Battery, Voluntary Manslaughter, Aggravated Assault on a Prison's Correctional Officer, Threats to Kill Others and the Physical Assault on a Federal Officer all show that you are capable of highly assaultive behavior when you are confronted with difficult situations. Based on this, the Commission believes that you pose a danger to the community if released.

You have also been scheduled for a statutory interim hearing during December 2011.

**THE ABOVE DECISION IS APPEALABLE.**

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     Designation & Sentence Computation Ctr
        U.S. Armed Forces Reserve Complex
        Grand Prairie Office Complex
        346 Marine Forces Drive
        Grand Prairie, TX 75051

        U.S. Marshals Service
        Southern District of Georgia
        333 U.S. Courthouse
        125 Bull Street
        Savannah, GA 31401

        Southern District of Georgia
        P. O. Box 8165
        Savannah, GA 31412

        Edward R. Stavell
        Attorney at Law
        2 East Bryan Street, Suite 1300
        Savannah, GA 31401



LEHMAN 05879-021                          -3-                         Clerk  MDR
Queued: 01-29-2010 11:33:14 USM-Southern District of Georgia | BOP-Designation & Sentence Computation Ctr  USPO-
Southern District of Georgia, 1 - Main (Savannah) | USM-Southern District of Georgia, 1 - Main (Savannah) |

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years)<br>No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time<br>Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | F - Older offenders<br>If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | Salient Factor Score (SFS-98) (sum of points for A-F above) |



Points for SFS Item C

| Age | Prior Commitments | | |
|---|---|---|---|
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

# Inmate Locator - Locate Federal inmates from 1982 to present

| Name | Register # | Age-Race-Sex | Release Date<br>Actual or Projected | Location |
|---|---|---|---|---|
| 1. TERRY MITCHELL LEHMAN | 05879-021 | 51-White-M | 05-23-2012 | HAZELTON USP |

Results 1 - 1 of 1

New Search    FAQs    Privacy

4